```
UNITED STATES DISTRICT COURT                    FOR ONLINE PUBLICATION ONLY
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

CLAUDE HOLLAND,

                Petitioner,                         MEMORANDUM
                                                    AND ORDER
                                                    08-CV-1260 (JG) (SMG)
        -against-

WILLIAM BROWN, Superintendent,
Eastern Correctional Facility,

                Respondent.
-------------------------------------------------------------x
```

A P P E A R A N C E S :

       CLAUDE HOLLAND
           04A3298
           Eastern Correctional Facility
           P.O. Box 338
           Napanoch, NY 12458
           Petitioner, *Pro Se*

       RICHARD A. BROWN
           Queens County District Attorney
           125-01 Queens Blvd.
           Queens, NY 11415-1568
       By:   Anastasia Spanakos-Orfan
           Ellen C. Abbot
           Attorneys for Respondent

JOHN GLEESON, United States District Judge:

       Claude Holland, currently incarcerated in Eastern Correctional Facility, petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, seeking relief from his New York Supreme Court conviction of criminal possession of a controlled substance in the first degree. Holland, appearing *pro se*, alleges violations of his rights under the Sixth and Eighth

Amendments of the United States Constitution based primarily on allegedly improper remarks made by the prosecutor at summation. For the reasons stated below, the petition is denied.

BACKGROUND

A. *Arrest and Trial*

The government's evidence at trial established that on October 27, 2001, police executed a search warrant on a Brooklyn apartment and arrested the three people inside -- petitioner Claude Holland, his friend Walter Hughley, and Shanaye Hughley, Walter's niece. Holland ran out of the kitchen and upstairs when the police entered, and he was apprehended in a second floor bathroom. The police found chunks of crack cocaine and a fork in the kitchen sink; the faucet was running and the cocaine was wet. They also found a pound and a half of cocaine, bottles of cutting agents, two small electronic scales, and an assortment of baggies in plain view throughout the apartment. In addition, the police recovered approximately $40,000 cached throughout the apartment and discovered $1,400 in Walter Hughley's pocket.

Holland and the Hughleys were tried jointly. Holland did not testify at trial. Shanaye Hughley testified that the apartment belonged to her mother, Anita Lee, and that Shanaye, her uncle Walter, and Holland had only visited the apartment on the date of their arrest to pick up some possessions of Ms. Hughley that her mother was threatening to discard.

During the prosecutor's cross-examination of Shanaye Hughley, Holland's attorney sought a sidebar and protested that supervisors from the district attorney's office were making "inappropriate" facial expressions as Ms. Hughley testified. Tr. at 1439-40. The court gave a general instruction admonishing the audience to refrain from having "obvious reactions to any of the questions or answers being given during this testimony." Tr. at 1441.

During the defense summation, counsel for Shanaye Hughley sought a sidebar, and told the court that members of the district attorney's office were "whispering and saying object, object, object," while defense counsel addressed the jury. Tr. at 1525. The judge said that he "did not observe or hear anything," and that he would watch the audience closely. Tr. at 1527.

At the beginning of her summation, the prosecutor stated that Holland and his co-defendants were "part and parcel" of "a real life drug dealing enterprise." Tr. at 1550. She later repeated this assertion and stated that Anita Lee was also "part of this drug dealing operation." Tr. at 1572. Defense counsel objected and moved for a mistrial. When the court denied the motion, the following exchange occurred:

> THE COURT: Motion denied. Do not use the phrase anymore. You have exceptions.
>
> (Back in open court.)
>
> MS. PATTON [the prosecutor]: Anita Lee is not a defendant in this case. So let's deal with the three defendants that are on trial in this case. I submit to you that this type of drug dealing enterprise is a valuable commodity.
>
> MR. CASTRO [counsel for Holland]: Objection.
>
> MR. RUSSO [counsel for Shanaye Hughley]: Objection.
>
> THE COURT: I just told you not to use that phrase.
>
> MS. PATTON: I am sorry, your Honor.

Tr. at 1574-75.

Holland was found guilty of criminal possession of a controlled substance in the first degree and sentenced to twenty years' to life imprisonment.

B.  *Resentencing and Direct Appeal*

3

In September 2005, Holland moved for resentencing pursuant to the Drug Law Reform Act ("DLRA"). He sought resentencing as a first-time felony offender, and was resentenced to seventeen years' imprisonment and five years' post-release supervision.

In November 2006, Holland filed a counseled appellate brief claiming that the evidence against him was legally insufficient and that his adjusted sentence was excessive. In March 2007, Holland filed a pro se appellate brief claiming that the court improperly denied his request for a circumstantial evidence charge and that the prosecutor's summation and the conduct of the prosecutorial staff seated in the audience deprived him of a fair trial. The Appellate Division affirmed Holland's conviction and sentence, holding, in relevant part, that his adjusted sentence was not excessive, that the resentencing judge did not base his sentence on an erroneous view of the evidence, and that "the challenged portion of the prosecutor's summation constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom." *People v. Holland*, 847 N.Y.S.2d 118, 119 (2d Dep't 2007). The Appellate Division also held that Holland's claim based on the conduct of staff from the district attorney's office in the audience at trial was both unpreserved and without merit. *Id.* The New York Court of Appeals denied leave to appeal, *People v. Holland*, 9 N.Y.3d 1034 (2008), and Holland filed this petition.

DISCUSSION

Holland's brief petition has created some confusion as to the nature of the claims he seeks to raise. The government suggests that he is raising three claims: a Sixth Amendment claim based on unspecified grounds, an Eighth Amendment claim, also based on unspecified grounds, and a claim of prosecutorial misconduct based on allegedly inflammatory remarks made by the prosecutor during summation. However, one might also read Holland's petition as

4

raising two claims based on the same set of facts; *i.e.*, as arguing that the prosecutor's conduct violated both his right to be free from cruel and unusual punishment, and his right to a fair trial. At oral argument, Holland suggested that his fair trial claim was based on the prosecutor's summation and the alleged misconduct by other prosecutorial staff in the audience. He also claimed that his Eighth Amendment rights were violated because the resentencing judge relied on an inaccurate account of Holland's criminal history. I address each possible interpretation of Holland's petition below.

A.    *Exhaustion of State Court Remedies*

Generally, a state prisoner seeking federal habeas review must first exhaust available state court remedies. 28 U.S.C. § 2254(b)(1). This exhaustion requirement is not satisfied unless the federal claim has been "fairly presented" to the state courts. *Daye v. Att'y Gen.*, 696 F.2d 186, 191 (2d Cir. 1982) (internal citation omitted). However, a petition for the writ of habeas corpus "may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the State. 28 U.S.C. § 2254(b)(2). Because I conclude that all of Holland's claims are meritless, I need not decide whether they were exhausted in state court.

B.    *Holland's Eighth Amendment Claim*

To the extent Holland claims that the trial prosecutor's summation violates the Eighth Amendment, his argument fails. Claims of improper summation are analyzed under the due process clause. *See Darden v. Wainwright*, 477 U.S. 168, 181 (1986). A prosecutor's summation may deprive a defendant of due process, but it cannot itself constitute cruel and unusual punishment.

5

As mentioned above, it is unclear whether Holland's petition attempts to claim that some other aspect of his conviction or sentence violated the Eighth Amendment. Holland suggested at oral argument that the resentencing judge relied on a non-existent conviction in sentencing him. However, as Holland's counsel noted during his state court appeal, his seventeen-year sentence was only two years longer than the statutory minimum sentence. Brief for Defendant-Appellant at 24, *People v. Holland*, 847 N.Y.S.2d 118, 119 (2d Dep't 2007) (Nos. 2003-9927, 2005-11094). Because Holland's sentence was within the range prescribed by state law, he cannot establish that he faces cruel and unusual punishment. *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Nor is Holland's one of the "exceedingly rare" sentences, *see Ewing v. California*, 538 U.S. 11, 21 (2003), that offends the Eighth Amendment because it is "grossly disproportionate" to the crime; the Supreme Court has upheld longer sentences for possession of comparable quantities of drugs, even when the defendant had no prior convictions. *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (upholding life sentence for first-time offender in possession of 672 grams of cocaine). Accordingly, Holland's claims that he was convicted or sentenced in violation of the Eighth Amendment are meritless.

2.  *Holland's Prosecutorial Misconduct Claim*

When a habeas petitioner alleges that a prosecutor's remarks at trial "deprived [him] of a constitutionally fair trial," but does not claim that he has been "denied . . . the benefit of a specific provision of the Bill of Rights, such as the right to counsel," the fair trial complaint is based not in the Sixth Amendment, but in the due process clauses of the Fifth and Fourteenth Amendments. *See Donnelly v. DeChristoforo*, 416 U.S. 637, 641, 643 (1974). In such cases, the

6

question is "whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181.

During the summation phase of Holland's trial, the prosecutor twice referred to Holland and his co-defendants as "part and parcel" of "a drug dealing enterprise." The trial court denied a motion for a mistrial based on these statements, but told the prosecutor not to use the term again. The prosecutor immediately did so, and then apologized after objections from defendants' counsel and an admonition from the judge.

These statements do not render Holland's conviction constitutionally defective. When a defendant is arrested in an apartment containing over a pound of cocaine, various sizes of plastic baggies, electronic scales, cutting agents, and over $40,000 cash, and a jury could reasonably infer from the circumstances that he was attempting to destroy incriminating contraband when the police arrived, it is a fair comment on the evidence to suggest that he was involved in a drug dealing enterprise. There was no improper attempt to show Holland's criminal propensity; the prosecutor merely argued that Holland was involved in the drug business on the date and place where the charged offense occurred, not at some prior time. Nor does the fact that the prosecutor repeated this phrase a single time, after the judge instructed her not to, infect the trial with unfairness.

For a prosecutor's arguments to cause constitutional error, it is simply not enough that those arguments were "improper," or even "universally condemned." *Darden*, 477 U.S. at 181 (internal citation and quotation marks omitted). In *Darden*, the Supreme Court found no constitutional violation even when the prosecutor, during the penalty phase of a capital trial, said that the defendant "shouldn't be out of his cell unless he has a leash on him and a prison guard at

7

the other end of that leash," and that he wished the victim had blown the defendant's face off with a shotgun. *Id.* at 181 n.12. The comments at issue here were far less inflammatory and, aside from one remark made after an admonition from the judge, proper. Accordingly, they do not constitute a due process violation under the exacting standard of *Darden* and *Donnelly*.

Nor did the alleged misconduct of staff from the district attorney's office during the trial violate Holland's due process rights. The judge did not even notice any improper whispering or facial expressions, suggesting that any such conduct, if it occurred at all, was not particularly disruptive. Mere head-nodding and whispering do not create "an unacceptable risk . . . of impermissible factors coming into play," *Holbrook v. Flynn*, 475 U.S. 560, 570 (1986) (internal quotation marks omitted), and therefore did not violate Holland's constitutional rights.

## CONCLUSION

For the reasons stated above, Holland's petition is denied.[1] As Holland has failed to make a substantial showing that he was denied a constitutional right, no certificate of appealability shall issue.

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: Brooklyn, New York
September 5, 2008

---

[1] Following oral argument, Holland submitted a copy of an affirmation, filed by the district attorney in Holland's resentencing proceeding, which Holland claims contains two factual inaccuracies upon which the resentencing judge relied. Nothing in this affirmation entitles Holland to habeas relief.